IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Milton Jones, Jr.; Walter Davis; and Angela Webb,    Plaintiffs, v. CertusBank N.A.; Benjamin Weinger; and 3-Sigma Value Financial Opportunities, LP,    Defendants. | C/A No. 6:14-1633-TMC  OPINION & ORDER |

Plaintiffs Milton Jones, Jr., Walter Davis, and Angela Webb (collectively "Plaintiffs") filed this action asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1, Compl. ¶¶ 1-7). This matter is before the court for a determination of whether the court has subject matter jurisdiction. The issue has been fully briefed and is now ripe for disposition.

**I. Facts/Background**

For diversity purposes, a national bank is deemed a citizen of the state in which its main office is located, as set forth in its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Defendant CertusBank, National Association, ("CertusBank") is a federally chartered national banking association which, according to its articles of association, maintains its main office in Greenville, South Carolina. (ECF No. 20-1). Accordingly, CertusBank is a South Carolina citizen. In the Complaint, Plaintiff Walter Davis ("Davis") alleges that he is a citizen and resident of South Carolina. (Compl. ¶ 2). Therefore, based upon

the allegations in the Complaint, there does not appear to be complete diversity. On June 10, 2014, the court ordered the parties to brief whether there was complete diversity of the parties.

Defendant CertusBank filed a Memorandum in Support of Diversity Jurisdiction on June 16, 2014. (ECF No. 25). Davis filed an affidavit attesting that he is a resident of South Carolina, (ECF No. 34). Defendants Benjamin Weinger ("Weinger") and 3-Sigma Value Financial Opportunities, LLP, ("3-Sigma") filed a response stating that if Plaintiffs' allegations in the Complaint regarding Davis's citizenship are correct, the court lacks subject matter jurisdiction, but if the facts regarding Davis's citizenship, as alleged by CertusBank are correct, complete diversity exists, and this court has subject matter jurisdiction. (ECF No. 27).

After briefing the issue, Defendants moved for a status hearing, which the court granted. At the status hearing, Defendant CertusBank requested that they be allowed to conduct limited discovery regarding the jurisdictional issue, in particular they sought permission to depose Plaintiff Davis. The court granted the request and Davis was deposed on August 29, 2014. Afterwards, the parties filed additional briefing on the jurisdictional issue. (ECF Nos. 51, 52, and 54).

## II. Discussion

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

A party's citizenship for diversity purposes is the state in which the party is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). While a person may have

more than one residence, the person can only have one domicile for purposes of diversity jurisdiction. *Dryer v. Robinson*, 853 F.Supp. 169, 172 (D.Md. 1994) (*citing Williamson v. Osenton*, 232 U.S. 619 (1914)). Generally, for purposes of diversity jurisdiction, domicile requires a party's physical presence in a state coupled with an intent to remain there permanently. *Johnson v. Advance America*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citations omitted). It is also the place he intends to return whenever he is away. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 2010 WL 1434298, at *2 (W.D.N.C. 2010) (*citing Hollowell v. Hux*, 229 F.Supp. 50, 52 (E.D.N.C. 1964)). Although a person may have more than one residence, he may have only one domicile at any one time. *Williamson*, 232 U.S. at 625.

Courts determine domicile on a case by case basis, considering all of the circumstances surrounding an individual's situation. 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. 2013). In ascertaining whether an individual has established an intent to stay indefinitely, a court weighs a variety of factors. Factors frequently considered are: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes." *Id*.; *see also Ronald Lane, Inc. v. Antero Res. Appalachian Corp.*, C/A No. 1:10cv137, 2011 WL 3102116, at *4 (N.D.W.Va. July 25, 2011). And no single factor is dispositive. *Wright*, § 3612. Instead, one's domicile is a legal conclusion based upon the totality of the circumstances. *Id.*

The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In a strange twist, however, in this case, Plaintiffs consent to dismissal. (ECF No. 52 at 1). Plaintiffs state that they filed this action under the mistaken belief that Defendant CertusBank was a citizen of Delaware and North Carolina.

(Compl. ¶ 4). Plaintiffs contend that at the time this action was filed Davis was domiciled in Greenville, South Carolina. Plaintiffs point out that, at his deposition, Davis testified that he is a Greenville native and in late 2012 or early 2013, Davis moved into a condominium owned by CertusBank. Further, Plaintiffs contend that Davis obtained a South Carolina driver's license and registered to vote in South Carolina in August 2013; Davis has filed South Carolina state income taxes; Davis's W-2 identifies him as a South Carolina resident; Davis obtains professional services, such as accounting services, from Greenville businesses; Davis is a member and attendee of a Greenville church; Davis owns other businesses and property located in the Greenville area; Davis is currently considering entrepreneurial opportunities in Greenville, not Charlotte; and all of Davis's testimony is consistent with his affidavit in which he attests that he is a resident of Greenville and intends to live there indefinitely. (ECF No. 52 at 3-4).

Defendant CertusBank, however, seeks to have this action remain in federal court. CertusBank believes that Davis is a resident and citizen of North Carolina. CertusBank has identified 29 factors that it contends support finding that Davis's domicile was in North Carolina: 1) Davis's wife and younger daughter live in Charlotte; 2) Davis spent the night before his deposition in Charlotte; 3) Davis's younger daughter was born in Charlotte and has gone to school there; 4) Davis pays for utilities at his house in Charlotte; 5) Davis previously owned another residence in Charlotte; 6) Davis grew up in Greenville and his parents still live in Greenville; 7) the month prior to his termination of employment in April 2014, Davis spent six nights at the CertusBank condominium in Greenville and approximately two nights at his house in Charlotte; 8) after his termination of employment from CertusBank, Davis moved some of his personal belongings to his parent's house in Greenville because his parents' house was closer to the CertusBank condominium in Greenville; 9) Davis testified at his deposition that his parents are the only individuals currently living at their Greenville house; 10) Davis's parents pay the

utilities at their house in Greenville; 11) Davis owns two automobiles which were purchased in Charlotte, North Carolina; 12) Davis pays the property taxes on both vehicles in North Carolina; 13) the cars are registered in North Carolina; 14) and 15) the address on the license and registration of the cars is Davis's Charlotte house; 16) automobile insurance on both vehicles is registered to Davis's Charlotte house; 17) Davis last voted was in the presidential election two years ago in 2012 in North Carolina; 18) in August 2013, Davis obtained a South Carolina driver's license and voter's registration card; 19) Davis testified at his deposition that the intent was always to move his family to Greenville once his younger daughter finished high school; 20) Davis's hunting license lists his Charlotte address; 21) Davis's passport lists a Charlotte address; 22) Davis has lived in Charlotte for at least the past seventeen years because his youngest daughter was born in Charlotte and has attended school her entire life in Charlotte; 23) Davis's credit cards list his Charlotte residence; 24) In 2013, Davis paid state income taxes in North Carolina and South Carolina; 25) Davis's Charlotte house is not currently for sale; 26) the corporate condominium was provided to Davis by CertusBank because he did not have a residence in South Carolina; 27) Davis pays out-of-state tuition for his oldest daughter to attend the University of South Carolina in Columbia, South Carolina; 28) Davis does not actually believe that his daughter is a resident of South Carolina or he would not unnecessarily be paying out-of-state tuition; and 29) Davis has always had, and continues to have, North Carolina license plates and registration for his two vehicles.  (ECF No. 51 at 3-6; ECF No. 54 at 2-3).

Subject matter jurisdiction in diversity cases depends upon the state of facts that existed at the time of the filing of the action. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 570-71 (2004).  Many of the factors listed by Defendant CertusBank do not clearly support a finding that Davis was domiciled in North Carolina when this action was filed. For example, where Davis spent the night prior to the deposition in August 2014; and the fact that Davis

5

previously owned a house in Charlotte do not weigh heavily in finding Davis's domicile was North Carolina when he filed this action in April 2014.

Admittedly, some factors set out by Defendant CertusBank do carry more weight, such as the fact that Davis has two cars registered in North Carolina and he pays the property taxes on these vehicles in North Carolina. However, in light of all the circumstances, and based on Davis's affidavit, deposition testimony, driver's license, and voter registration, the court finds that Davis was a South Carolina citizen before this action was filed, and remained one at the time this action was filed. *See, e.g., Ward v. Walker*, 725 F.Supp.2d 506, 510 (D.Md. 2010) (holding that driver's license and tax filings bear on question of citizenship). Because complete diversity of citizenship is lacking, and as Plaintiffs' complaint states no cognizable federal claim, the court concludes that this action must be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

Because there is not complete diversity between the parties, the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 31, 2014
Anderson, South Carolina